**Gregory Tyree BROWN, Plaintiff—Appellant,**

v.

**Dean MASON, Grievance Program Specialist, DOC; et al., Defendants—Appellees.**

No. 06–35766.

United States Court of Appeals, Ninth Circuit.

Submitted July 22, 2008.[*]

Filed Aug. 1, 2008.

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Gregory Tyree Brown, Monroe, WA, pro se.

Sara J. Olson, Esq., Office of the Washington Attorney General, Olympia, WA, for Defendants–Appellees.

Before: B. FLETCHER, THOMAS, and WARDLAW, Circuit Judges.

## MEMORANDUM **

Gregory Tyree Brown, a Washington state prisoner, appeals pro se from the district court's summary judgment for defendant prison officials in his 42 U.S.C. § 1983 action alleging that his First Amendment rights were violated when his personal property was confiscated pursuant to official prison policy. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Ashker v. Cal. Dep't of Corr.*, 350 F.3d 917, 921 (9th Cir.2003), and affirm in part, reverse in part, and remand for further proceedings consistent with this disposition.

Defendants failed to show that the challenged regulation is rationally related to a legitimate penological objective. *See id.* at 922 ("A prison regulation that impinges on inmates' constitutional rights . . . is valid

only if it is 'reasonably related to legitimate penological interests.' ") (quoting *Turner v. Safley,* 482 U.S. 78, 88, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987)); ("[A] regulation cannot be sustained where the logical connection between the regulation and the asserted goal is so remote as to render the policy arbitrary or irrational.") (quoting *Turner,* 482 U.S. at 89, 107 S.Ct. 2254).

There was no rational basis for prison officials to confiscate Brown's magazine tear-outs of photographs because they came from his magazines, when, had the photographs been part of an article clipping that arrived in the mail from outside the prison, the officials would have left Brown's property alone. *See Clement v. Cal. Dep't of Corr.,* 364 F.3d 1148, 1152 (9th Cir.2004) (holding that policy prohibiting material downloaded from internet was arbitrary way to achieve reduction in mail volume).

Accordingly, to the extent that Brown seeks declaratory and injunctive relief, we reverse the district court's judgment on Brown's First Amendment claim concerning his magazine tear-outs. Because Brown does not develop any argument regarding his challenge to confiscation of his personal magazines that were altered because he tore photographs out of them, we do not review that portion of the district court's judgment. *See Int'l Healthcare Mgmt. v. Hawaii Coalition For Health,* 332 F.3d 600, 609 (9th Cir.2003).

We affirm the district court's grant of qualified immunity from Brown's claims for damages. Defendants are entitled to qualified immunity because they confiscated Brown's photographs pursuant to official prison policies, which policies were not "patently violative of constitutional princi-

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ples." *Dittman v. California,* 191 F.3d 1020, 1027 (9th Cir.1999) ("[W]hen a public official acts in reliance on a duly enacted statute or ordinance, that official ordinarily is entitled to qualified immunity" unless the ordinance is "patently violative of fundamental constitutional principles.") (internal quotation marks and citations omitted).

Brown's contentions regarding collateral estoppel, inadequate notice of summary judgment procedures, violation of Local Rules, and improper denial of his motion for sanctions, are not persuasive.

Each party shall bear its costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**